Pamela K. Fulmer, State Bar No. 154736
Dee A. Ware, State Bar No. 154549
TACTICAL LAW GROUP LLP
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone No.:  (415)766-3509
Fax No.:  (415) 231-5272
E-Mail:    pam@tacticallawgroup.com
                dware@tacticallawgroup.com

Attorneys for Plaintiff THE HV FOOD PRODUCTS COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HV FOOD PRODUCTS COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>McCORMICK & COMPANY, INC., a Maryland corporation,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION (INJUNCTIVE RELIEF SOUGHT)**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint against Defendant McCormick & Company, Incorporated ("McCormick" or "Defendant"), Plaintiff The HV Food Products Company ("HV" or "Plaintiff") alleges as follows:

**SUMMARY OF COMPLAINT**

1.    HV is the owner of the iconic "Hidden Valley"® brand, which it uses on its world-famous Hidden Valley Original Ranch® salad dressing and related party dips and seasoning mixes.  In 1967 HV first began using the "Hidden Valley"® brand on dressing, party dips and seasoning mixes.  Since 1992, a span of over 26 years, HV's Ranch has been the best-selling salad dressing and party dip in the United States.  It is also sold in over 30 countries.  In 2002, HV

began using its distinctive label and color scheme (shown in Figure 1 below) on its Ranch dressing, which consists of a green banner surrounded by a white border with the words "Hidden Valley" in white, over a larger blue banner with the words and trademark "The Original Ranch" also in white letters. The trade dress is immediately recognizable and one of the best-known labels in the consumer food market. HV is also marketing under the Hidden Valley Original Ranch® brand, a Seasoning & Salad Dressing Mix in a plastic bottle with a green top as shown in Figure 2 below:




**Figure 1**                              **Figure 2**

2.      McCormick has misappropriated HV's trademarks and trade dress in order to trade on HV's goodwill, fame, and popularity with consumers. This action is necessary to stop

1  McCormick's deception of consumers and its misappropriation of HV's intellectual property.

2      3.    Recently HV has discovered that McCormick is marketing a Ranch flavored 3-in-1
3  seasoning, party dip and salad dressing mix (the "Infringing Product") in Costco and other stores,
4  in packaging which is identical to the HV Marks and trade dress referenced above. This new label
5  and trade dress used by McCormick and shown in Figure 3 below, is in stark contrast to the
6  packaging used previously on McCormick's Ranch flavored dip and seasoning mix, as shown in
7  Figure 4.  HV seeks a preliminary and permanent injunction, damages, and attorneys' fees and
8  costs based on McCormick's willful infringement.




**Figure 3**　　　　　　　　　　　　　　　**Figure 4**

## JURISDICSION, VENUE AND INTRA-DISTRICT ASSIGNMENT

4.    HV's first, second, and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1338(a) and (b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act), and 28 U.S.C. § 1332 (diversity). This Court also has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

5.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because McCormick

1 transacts affairs in this district, including selling the infringing products in dozens of retail
2 locations in San Francisco County, and because a substantial part of the events giving rise to the
3 claims asserted arose in this district.
4     6.    Intra-district assignment to any division of the Northern District is proper under
5 Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## THE PARTIES

7     7.    HV is a Delaware corporation with its principal place of business in Oakland,
8 California.  HV sells a variety of food products, including its famous Hidden Valley® ranch salad
9 dressing, party dip and related mixes which are popular throughout the world.
10     8.    McCormick is a Maryland corporation headquartered in Hunt Valley, Maryland.
11 McCormick produces and sells spices, seasoning mixes, condiments and other similar products
12 through third-party retailers and online throughout the United States, including in this judicial
13 district.  McCormick has authorized, directed, or actively participated in the alleged wrongful
14 conduct detailed herein.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

**HV and its Hidden Valley® Marks**

17     9.    HV produces Hidden Valley® party dips, seasoning mixes and salad dressing
18 including Hidden Valley, The Original Ranch® dressing, the best-selling salad dressing in the
19 United States.
20     10.    Steve Henson created the original recipe that became Hidden Valley® ranch salad
21 dressing. HV is informed and believes that Mr. Henson created the salad dressing in the 1950s
22 while working as a plumber in Alaska. Mr. Henson began making and selling his "Ranch"
23 dressing to guests at his Santa Barbara, California ranch in the 1960s. Mr. Henson formed a
24 company that first used the "Hidden Valley" trademark in approximately 1967.  Over the several
25 decades since, HV has sold ranch salad dressing, party dip and related seasoning mixes under the
26 Hidden Valley® brand, creating and popularizing a range of products, related trademarks, and
27 trade dress. HV's Hidden Valley, The Original Ranch® salad dressings, party dip and related

1  mixes are now sold in many countries around the world.

2  11.  For many years, Hidden Valley, The Original Ranch® dressing and related
3  products have been sold under a distinctive label and color scheme, with distinctive and well-
4  known green and blue banners as shown in Figures 1 and 2 above.

5  12.  HV has used the Hidden Valley The Original Ranch® mark, Reg. No. 4464110,
6  and other registered and unregistered HIDDEN VALLEY-formative marks and related trade dress
7  (collectively the "HV Marks") in interstate commerce and in connection with salad dressings,
8  party dip and seasoning mixes for years, and many of these Marks have been used for decades.

9  13.  The following chart summarizes certain of HV's federal registrations of the HV
10 Marks:

| Mark | Class / Goods | Dates |
|---|---|---|
| Hidden Valley<br>Reg. No. 4393048 | Class 29 "Dip Mixes."<br>Class 30 "Salad dressing; Seasonings." | First Use:  12/31/12<br>Reg. Date: 8/27/13 |
| Hidden Valley THE ORIGINAL Ranch<br>Reg. No. 4464110 | Class 30 "Salad Dressings." | First Use:  1/24/02<br>Reg. Date: 1/7/14 |
| Hidden Valley (banner)<br>Reg. No. 5693493 | Class 29 "Dry Seasoning Mixes for Salad Dressing." | First Use:  11/01/2018<br>Reg. Date: 03/05/2019 |
| HIDDEN VALLEY<br>Reg. No. 1307312 | Class 29 "Salad Dressing, Salad Dressing Mix and Party Dip." | First Use:  1/3/67<br>Reg. Date: 11/27/84 |
| ORIGINAL RANCH<br>Reg. No. 1549333 | Class 29 "Salad Dressing and Salad Dressing Mix." | First Use:  0/0/74<br>Reg. Date: 7/25/89 |
| HIDDEN VALLEY<br>Reg. No. 2378194 | Class 30 "prepared salad dressing to be used as salad dressing or as a dip." | First Use:  1/23/99<br>Reg. Date: 8/15/00 |
| HIDDEN VALLEY<br>Reg. No. 2379728 | Class 30 "Seasonings." | First Use:  12/31/98<br>Reg. Date: 8/22/00 |

| | | |
|---|---|---|
| HIDDEN VALLEY<br>Reg. No. 2518707 | Class 30 "Sauces for use as a toppings on food." | First Use: 10/31/00<br>Reg. Date: 12/11/01 |
| HIDDEN VALLEY<br>Reg. No. 3772118 | Class 30 "Marinades." | First Use: 2/29/09<br>Reg. Date: 4/6/10 |
| ORIGINAL RANCH<br>Reg. No. 3126973 | Class 30 "Croutons." | First Use: 12/31/94<br>Reg. Date: 8/8/06 |

14. The registrations are valid and many of them are incontestable. They confirm HV's ownership of and exclusive right to use the HV Marks in commerce, establish the validity of the marks, and serve to notify competitors such as McCormick that HV owns the HV Marks and the exclusive right to use them.

15. At various times for decades, HV has advertised and promoted the HV Marks in print, television, internet, social media, and point of sale advertising. As the number one leading brand of salad dressing, sales revenue for Hidden Valley® ranch products annually are substantial and HV reinvests a sizeable percentage of its sales revenues in the brand in the form of advertising and promotion. As a result of HV's expenditures and efforts, the HV Marks have come to signify the high quality of the brand, and have acquired incalculable distinction, reputation and good will belonging exclusively to HV.

16. Today Hidden Valley, The Original Ranch® dressing and related seasoning mixes and dips are the best-selling brand of ranch flavored dressing, seasoning mixes and party dips in the United States and their iconic distinctive labels and color schemes, are known in virtually every American household.

17. As a result of HV's widespread sales and promotion of products bearing the HV Marks, they have been the subject of extensive media coverage including articles in Slate, on NPR, The Wall Street Journal, The Chicago Tribune, The L.A. Times, USA Today, The Independent, and The Washington Post. In many of these articles, dressing sold under the HV Marks is referred to as "the most popular salad dressing," an "iconic food product," and a "worldwide hit." Long before McCormick's infringements, the HV Marks were distinct and

1 famous within the meaning of the federal Trademark Dilution Revision Act.

2 **McCormick's Infringement of the Hidden Valley® Marks and Trade Dress**

3   18.   Recently, in a transparent attempt to capitalize off of HV's substantial good will, Defendant McCormick launched a new 3-in-1 seasoning mix sold in Costco and other stores, which impermissibly adopts, almost wholesale, HV's world famous marks, including its famous green and blue trade dress (see Figure 5 below).  Like HV, McCormick is also marketing its Ranch seasoning mix in a large plastic bottle with a green top.  The McCormick label uses the distinctive white, blue and green colors used on HV's famous Ranch dressing products and claimed in Registration Number 4464110.  The white color and font style of the letters used on the Infringing Product are also confusingly similar to the white letters and font on HV's product.  The McCormick label also prominently uses the same shades of green and blue used by HV on its labels.  Furthermore, the blue background behind the word "Ranch" on the Infringing Product also has a similar shading pattern to HV's label, with darker blue on the edges of the banner.  The color yellow is also used on McCormick's label, just as on HV's labels, which further adds to the overall impression of similarity.  McCormick uses a red wavy banner, which is strikingly similar to the green wavy banner used on HV's packaging, and the extensive use by McCormick of the colors blue and green on the label increases the likelihood of consumer confusion.  McCormick's intentional misappropriation of the famous Hidden Valley® Marks and distinctive trade dress as shown in Figure 6 below is likely to cause consumer confusion and appears to be a calculated move to trade off of HV's substantial good will built up in the famous Hidden Valley® brand.

//
//
//
//




**Figure 5**                                **Figure 6**

**Likelihood of Confusion and Dilution**

19. McCormick's use of the infringing marks and its knock off of HV's iconic trade dress are likely to cause consumers to believe that there is an association between the two parties and to be confused about who is promoting the McCormick's products or from which party the products originate.

20. McCormick's infringing trade dress (Figure 5) is nearly identical to the HV Trade Dress (Figure 6) so that it is likely to cause dilution of the distinctive quality of the HV Marks that HV has worked so hard to build over the last several decades. Moreover, the Infringing Marks are a radical departure from the trade dress used by McCormick on its other products as shown in Figures 7, 8 and 9 below. The vast majority of McCormick's trade dress involve primarily red labels with muddied yellows and a red top. As shown below, on the spice bottles, green is used only on the garlic powder, but the color is used sparingly and not used with the green and blue banners featured prominently on the Hidden Valley® products. The McCormick Garlic Powder has a red cap, and not the green plastic cap that McCormick has recently adopted for use on the Infringing Product.

//



**Figure 7**           **Figure 8**



**Figure 9**

21. McCormick's planned and actual use of McCormick's infringing marks, by misappropriating elements of the HV Marks, including their distinctive blue and green banners, white lettering and similar font and shading, uses nearly every element of the HV Marks.

22. McCormick has copied numerous features of HV's distinctive and famous HV Marks and related trade dress. Even for consumers who apprehend that McCormick's products do

9

Case No.          COMPLAINT

not originate from HV, McCormick's infringing marks and their use will dilute the distinctiveness and goodwill enjoyed by the HV Marks, and their unique association with HV.

23. HV has demanded that McCormick immediately cease its willful and deliberate illegal conduct, but McCormick has refused.

24. In summary, McCormick's improper and willful trademark and other infringing conduct is continuing unabated and HV brings the instant action and seeks a preliminary injunction to enjoin McCormick from further infringement to protect its valuable trademarks and trade dress.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (LANHAM ACT)
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

25. HV incorporates the allegations of Paragraph 1 through 24 as if they were set out in full here.

26. Without HV's consent, McCormick has used, in connection with the sale, offering for sale, distribution, or advertising of its products words and designs that infringe upon HV's registered HV Marks, and its iconic trade dress.

27. These acts of trademark infringement have been committed with the intent to cause confusion, mistake or deception, and are in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

28. As a direct and proximate result of McCormick's infringing activities, HV is entitled to recover McCormick's unlawful profits and HV's substantial damages under 15 U.S.C. § 1117(a).

29. McCormick's conduct is causing immediate and irreparable harm and injury to HV, and to its goodwill and reputation, and will continue to both damage HV and confuse the public unless enjoined by this court. HV has no adequate remedy at law. HV is entitled to injunctive

relief pursuant to 15 U.S.C. § 1116(a).

30. On information and belief, McCormick's infringement of HV's trademarks is an exceptional case and was intentional, entitling HV to treble the amount of its damages and McCormick's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN (LANHAM ACT)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

31. HV incorporates the allegations of Paragraph 1 through 30 as if they were set out in full here.

32. McCormick's use of the infringing marks falsely describes its products within the meaning of 15 U.S.C. § 1125(a)(1). McCormick's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of McCormick's products, to the detriment of HV and in violation of 15 U.S.C. § 1125(a)(1).

33. As a direct and proximate result of McCormick's infringing activities, HV is entitled to recover McCormick's unlawful profits and HV's substantial damages under 15 U.S.C. § 1117(a).

34. McCormick's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law. HV is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

35. On information and belief, McCormick's infringement of HV's Marks is an exceptional case and was intentional, entitling HV to treble the amount of its damages and McCormick's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

**THIRD CLAIM FOR RELIEF**
**DILUTION (LANHAM ACT)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

36. HV incorporates the allegations of Paragraph 1 through 35 as if they were set out in full here.

37. HV's Marks are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were distinctive and famous prior to McCormick's conduct as alleged in this Complaint.

38. McCormick's conduct is likely to cause dilution of HV's Marks by diminishing their distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

39. McCormick's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage HV and confuse the public unless enjoined by this court. HV has no adequate remedy at law. HV is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT AND DILUTION

40. HV incorporates the allegations of Paragraph 1 through 39 as if they were set out in full here.

41. Plaintiff owns and enjoys valid, enforceable and fully subsisting common law trademark rights in the HV Marks in California and throughout the United States.

42. McCormick, through the conduct and violations described above, has engaged in, engages in and proposes to engage in trademark infringement and unfair competition against Plaintiff under California common law.

43. As a direct and proximate result of McCormick's wrongful conduct, HV has been, is now, and will be irreparably injured and damaged, and unless McCormick is enjoined by the Court, HV will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which HV has no adequate remedy at law.

44. McCormick's infringement of HV's trademarks is likely to cause consumer confusion and dilution of the HV Marks in violation of California Common Law.

45. McCormick infringed and diluted HV's Marks with knowledge and intent to cause confusion, mistake or deception.

46. McCormick's conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to the rights and welfare of HV for which California law allows the imposition of exemplary damages.

47. HV is entitled to injunctive relief and damages.

48. On information and belief, McCormick has acted willfully.

### FIFTH CLAIM FOR RELIEF
### UNFAIR COMPETITON - CALIFORNIA BUS. & PROF. CODE § 17200

49. HV incorporates the allegations of Paragraph 1 through 48 as if they were set out in full here.

50. McCormick's conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code section 17200.

51. As a consequence of McCormick's actions, HV has suffered and continues to suffer competitive harm, and is entitled to injunctive relief preventing the conduct alleged in this Complaint, as well as attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
### FALSE ADVERTISING – CALIFORNIA BUS. & PROF. CODE § 17500

52. HV incorporates the allegations of Paragraph 1 through 51 as if they were set out in full here.

53. McCormick's false and misleading statements and deceptive conduct, as alleged herein, were made knowingly or in reckless disregard of the truth and are likely to deceive reasonable consumers about HV and its products.

54. As a consequence of McCormick's actions, HV has suffered and continues to suffer competitive harm and is entitled to injunctive relief preventing the conduct alleged in this Complaint, as well as attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE HV** prays that this Court grant it the following relief:

1. Adjudge that HV's Marks have been infringed by McCormick's infringing marks

in violation of HV's rights under common law, 15 U.S.C. § 1114, and/or California law;

2. Adjudge that McCormick has made false and misleading statements, engaged in deceptive conduct, and competed unfairly with HV, in violation of HV's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3. Adjudge that McCormick's activities are likely to dilute HV's famous Marks in violation of HV's rights under 15 U.S.C. § 1125(c) and California law;

4. Adjudge that McCormick and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through, or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

   a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any advertisements or products that display any words or symbols that so resemble HV's Marks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for HV, including without limitation, any advertisement or product that bears McCormick's infringing marks which are the subject of this Complaint and for which McCormick is responsible, or any other approximation of HV's Marks;

   b. Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of McCormick or its products with HV, or as to the origin of McCormick's goods, falsely designates the origin of McCormick's products, falsely describes or represents the character of HV's products or marks, or falsely advertises or describes HV, its products, or its marks;

   c. Further infringing the rights of HV in and to any of its trademarks in its HV brand products or otherwise damaging HV's goodwill or business reputation;

   d. Further diluting the HV Marks;

      e. Otherwise competing unfairly with HV in any manner;

      f. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5. Adjudge that McCormick be required immediately to supply HV's counsel with a complete list of individuals and entities to whom it has provided, offered, distributed, advertised, or promoted, the infringing products as alleged in this Complaint;

6. Adjudge that McCormick be required immediately to deliver to HV's counsel its entire inventory of infringing materials, including, without limitation, packaging, labeling, advertising, and promotional material and all plates, patterns, molds, matrices, electronic files, and other material for producing or printing such items, that are in its possession or subject to its control and that infringe HV's trademarks as alleged in this Complaint;

7. Adjudge that McCormick, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon HV's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

8. Adjudge that HV recover from McCormick its damages and lost profits, and McCormick's profits from sales made in conjunction with the infringements, in an amount to be proven at trial, as well as punitive damages under California law;

9. Adjudge that HV recover additional damages and profits of three times the actual damages and profits, together with attorneys' fees.

10. Adjudge that HV be awarded its costs and disbursements incurred in connection with this action, including HV's reasonable investigative expenses;

11. Adjudge that HV be awarded pre-and post-judgment interest at the maximum rate allowable by the law; and

//

//

1  12. Adjudge that all such other relief be awarded to HV as this Court deems just and
2 proper.

3
4 DATED: April 5, 2019                    TACTICAL LAW GROUP LLP
5
6                                         By:  /s/ Pamela K. Fulmer
                                               Pamela K. Fulmer
7                                              Dee A. Ware
                                               Attorneys for Plaintiff
8                                              THE HV PRODUCTS FOOD COMPANY

**DEMAND FOR JURY TRIAL**

The HV Food Products Company demands that this action be tried by a jury.

DATED: April 5, 2019                                    TACTICAL LAW GROUP LLP

                                                                    By:  /s/ Pamela K. Fulmer
                                                                             Pamela K. Fulmer
                                                                             Dee A. Ware
                                                                             Attorneys for Plaintiff
                                                                             THE HV PRODUCTS FOOD COMPANY